IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| SEXTON J. BROWN, ) | |
| ) | C/A No. 4:06-1541-TLW-TER |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | REPORT AND RECOMMENDATION |
| JON OZMINT, DIRECTOR; SCDC; AND ) | |
| HENRY McMASTER, ATTORNEY ) | |
| GENERAL OF SOUTH CAROLINA, ) | |
| ) | |
| Respondents. ) | |
| ) | |

Petitioner, Sexton Brown ("Petitioner/Brown"), is an inmate in the custody of the South Carolina Department of Corrections (SCDC). Petitioner, appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on May 19, 2006. Respondents filed a motion for summary judgment on November 20, 2006, along with a return and supporting memorandum. The undersigned issued an order filed November 21, 2006, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. Petitioner filed a response on December 18, 2006.

## I. PROCEDURAL HISTORY

The procedural history as set forth by the respondents in their memorandum has not been

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

seriously disputed by the Petitioner in his response. In fact, in his response, petitioner states that he "concedes the Respondents' account of the Procedural History to the extent it does not foreclose his entitlement to habeas relief." (Document #17). Therefore, the undersigned will set out the undisputed procedural history as set forth by the respondents.

The Petitioner, Sexton J. Brown, is currently incarcerated at the Perry Correctional Institution of the South Carolina Department of Corrections pursuant to orders of commitment from the Clerk of Court Anderson County, South Carolina. Brown was indicted at the December 1996 term of the Court of General Sessions for Anderson County for murder (96-GS-04-2755) and possession of a firearm during the commission of a violent crime (96-GS-04-2754). He was represented by John Stathakis of the Anderson County Bar. On March 3, 1997, the petitioner underwent trial by jury before the Honorable Henry F. Floyd. He was found guilty of each charge. Judge Floyd sentenced him to confinement for fifty-five (55) years for murder and five (5) years for possession of a firearm.

The petitioner made a timely appeal to the South Carolina Supreme Court. In the appeal, he was represented by Robert M. Dudek of the South Carolina Office of Appellate Defense. On June 15, 1998, counsel Dudek filed a "Final Anders Brief of Appellant and Petition To Be Relieved As Counsel" raising as the sole arguable issue:

> Whether court erred by denying appellant's Batson motion where the solicitor struck a potential juror because he was not married, and not employed, since the solicitor seated similarly situated jurors?

Anders Brief, p. 3. On February 22, 2000, the South Carolina Supreme Court entered its per curiam opinion dismissing the appeal. State v. Sexton Jermaine Brown, Memo. Op. No. 2000- MO-022 (S.C.S.Ct. February 22, 2000). The remittitur was entered on March 21, 2000.

On September 6, 2005, the petitioner made his first application for post-conviction relief in

Anderson County. <u>Brown v. State</u>, 2005-CP-04-2396. In the Application, he raised the following grounds for relief in an attached memorandum of law:

> 1. The Applicant's indictments were "sham legal" processes that did not confer subject matter jurisdiction upon [the] trial court to convict him.
>
>> a. He contends that there was no December 3, 1996, term to allow for indictment on that date in Anderson County.
>
> 2. Applicant was denied effective assistance of trial counsel by counsel's failure to object to trial counsel's comment on the facts.
>
>> a. Applicant contends that the trial court erred in making a comment on the fact in his charge that "the [applicant] may be mistaken" (in his reliance on self-defense), citing Tr. 597, ll. 10- 21.
>
> 3. The Applicant was denied effective assistance of counsel by trial counsel's failure to object to the Solicitor's Improper Closing Argument.
>
>> a. In his memorandum he makes the following specifications of error that his counsel allegedly should have objected to at trial:
>>
>> 1. Shooting someone, walking in a house and executing them cannot be allowed to go unchecked "because it endangers the community." Tr.p. 566, lines 18-21.
>>
>> 2. You are the only jury that will hear this defendant's case and judge this defendant, but you're "this victim's family's only jury too" and you're Jo

> Jo's only jury too. Don't forget them.
> Tr.p. 580, lines 15-18.
>
> 3. Does he say anything to police that night about self-defense? He says I wasn't there. Tr.p. 580, lines 7-8.

(Memorandum, p. 4).

The respondents made a Return and Motion to Dismiss the entire Application as untimely under the state Post-Conviction Relief Statute of Limitations on November 17, 2005. On December 8, 2005, the Honorable J.C. Nicholson entered a "Conditional Order of Dismissal." On November, 22, 2005, Brown filed a *pro se* objection to the Order on the subject matter jurisdiction issue. On March 13, 2006, the Honorable Alexander Macaulay entered a Final Order in the matter.

The petitioner filed a timely notice of appeal in the South Carolina Supreme Court. On March 27, 2006, the Clerk's Office advised Brown of the requirements of SCACR Rule 227 to provide an explanation as to why the lower court's determination that the matter was successive and as being untimely under the statute of limitations was improper. On April 6, 2006, Brown made an Explanation As To Improper [Determination] By PCR Court." On April 13, 2006, the South Carolina Supreme Court entered its Order dismissing the appeal. <u>Brown v. State</u>, Order (S.C.S.Ct. April 13, 2006). The Remittitur was sent May 2, 2006.

## II.  HABEAS ALLEGATIONS

In his *pro se* Petition, Brown asserts the following grounds for relief:

> 1. Petitioner's indictments were a "sham legal" processes that did not offer subject matter jurisdiction upon the Court to convict.
>
> a.     Petitioner's indictments were not obtained by the Solicitor in

4

> accordance with statutory laws enacted by the South Carolina Legislation.
>
> 2. Petitioner was denied the effective assistance of counsel by counsel's failure to object to the judge's comment on facts of the case.
>
> a. The judge charged the jury that Petitioner "may be mistaken in his reliance on a self-defense to his murder charge.
>
> 3. Petitioner was denied effective assistance of trial counsel by counsel's failure to object to the prosecutor's improper closing argument.
>
> a. The solicitor appealed to the passion and prejudice of the jury and commented upon his post-arrest silence.

(Habeas Petition).

## III.  SUMMARY JUDGMENT

On November 20, 2006, respondents filed a return and memorandum of law in support of their motion for summary judgment. Petitioner filed a response.

A federal court must liberally construe pleadings filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972). In considering a motion for summary judgment, the court's function is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c). The movant has the burden of proving that a judgment on the pleadings is appropriate. Once the

5

moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing that there is a genuine issue for trial." The opposing party may not rest on the mere assertions contained in the pleadings. Fed. R. Civ. P. 56(e) and Celotex v. Catrett, 477 U.S. 317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial. See Fed. R. Civ. P. 56(c). Where the movant can show a complete failure of proof concerning an essential element of the non-moving party's case, all other facts become immaterial because there can be "no genuine issue of material fact." In the Celotex case, the court held that defendants were "entitled to judgment as a matter of law" under Rule 56(c) because the plaintiff failed to make a sufficient showing on essential elements of his case with respect to which he has the burden of proof. Celotex, 477 U.S. at 322-323.

## IV. STANDARD OF REVIEW

Since Brown filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. Lindh v. Murphy, 117 S. Ct. 2059 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir. 1998); Green v. French, 143 F.3d 865 (4th Cir. 1998). That statute now reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable

>application of, clearly established Federal law, as determined by the
>Supreme Court of the United States; or (2) resulted in a decision that
>was based on an unreasonable determination of the facts in light of
>the evidence presented in the State court proceeding.

To a large extent, the amendment of § 2254 shifts the focus of habeas review to the state court application of Supreme Court law. See O'Brien v. DuBois, 145 F.3d 16 (1st Cir. 1998) ("the AEDPA amendments to section 2254 exalt the role that a state court's decision plays in a habeas proceeding by specifically directing the habeas court to make the state court decision the cynosure of federal review."). Further, the facts determined by the state court to which this standard is applied are presumed to be correct unless rebutted by the Petitioner by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

The United States Supreme Court has addressed procedure under § 2254(d). See Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495 (2000). In considering a state court's interpretation of federal law, this court must separately analyze the "contrary to" and "unreasonable application" phrases of § 2254(d)(1). Ultimately, a federal habeas court must determine whether "the state court's application of clearly established federal law was objectively unreasonable." Id. at 1521.

The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts.

## V.   DISCUSSION AS TO STATUTE OF LIMITATIONS

The respondents assert that the petitioner's claims must be dismissed as untimely. Specifically, respondents contend the petitioner's federal habeas petition should be dismissed because it was not timely filed under the one-year statute of limitations created by the AEDPA.

Respondents argue as follows, quoted verbatim:

> The petitioner's conviction became final in 2000. There was no tolling of the one-year statute of limitations prior to when it exhausted ninety (90) days after the direct appeal affirmed on February 22, 2000, on May 22, 2000. Since no federal habeas corpus action was filed prior to that date, this belated petition must be dismissed under §2244.

(Memorandum).

The applicable law is as follows: The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions.[2] Subsection (d) of the statute now reads:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on

---

[2] Prior to this amendment there was no statute of limitations. Habeas Rule 9(a) allowed dismissal only where the state could show it had been prejudiced by a delay in filing. Duarte v. Hershberger, 947 F. Supp. 146, 148, n.2 (D.N.J. 1996).

>collateral review; or

>(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

>(2)  The time during which a "properly filed" application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. (Emphasis added).

As stated under the procedural history, petitioner's direct appeal was dismissed on February 22, 2000, when the South Carolina Supreme Court entered its opinion dismissing the appeal. Petitioner did not file his first application for post-conviction relief ("PCR") until September 6, 2005, which was dismissed as untimely. Therefore, this was not a "properly filed" state application for PCR. In any event, petitioner did not file his habeas petition or a properly filed PCR application to toll the statute of limitations before the expiration of one year from the date petitioner's direct appeal was dismissed. Petitioner filed his petition on May 19, 2006 , the <u>Houston v. Lack</u> delivery date. Therefore, the time is well outside the limitations period. Therefore, it is recommended that this habeas petition be dismissed as it is barred by the statute of limitations.

Based on the above reasons, the undersigned finds that the respondents' motion for summary judgment should be granted as the petitioner's habeas corpus petition is barred by the statute of limitations.

## VI.  CONCLUSION

As set out above, a review of the record indicates the petitioner's federal habeas corpus petition should be dismissed as it is barred by the statute of limitations. It is, therefore,

RECOMMENDED that respondents' motion for summary judgment (document #15) be GRANTED in its ENTIRETY, and the petition be dismissed without an evidentiary hearing.

                                      Respectfully Submitted,

                                      s/Thomas E. Rogers, III
                                      Thomas E. Rogers, III
                                      United States Magistrate Judge

April 25, 2007
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**